**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| James King Gatchell, | ) | No. CV 05-3848-PHX-MHM (VAM) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Maricopa County Sheriff's Office, et. al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff James King Gatchell, previously incarcerated in the Maricopa County Jail in Phoenix, Arizona, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983.  The Court will dismiss the action without prejudice.

On November 29, 2005, the Court received Plaintiff's Complaint for filing (Doc. #1). The same day, the Court issued a Notice of Assignment to Plaintiff.  On November 30, 2005, a copy of the Notice of Assignment was mailed to Plaintiff (Doc. #2).  On December 7, 2005, the Notice of Assignment was returned to the Court as undeliverable with the notation that Plaintiff has been released from custody with no forwarding address.  (Doc. #3).  Plaintiff has not provided the Court with his present address.

Local Rule of Civil Procedure 3.4(a) requires that a prisoner-litigant comply with the instructions attached to the court-approved complaint form.  Those instructions state: "You must immediately notify the clerk . . . in writing of any change in your mailing address.

JDDL

1   Failure to notify the court of any change in your mailing address may result in the dismissal

2   of your case."  Information and Instructions for a Prisoner Filing Civil Rights Complaint at

3   2, ¶ H.  To this date, Plaintiff has failed to provide the Court with his current address.

4   　　　Plaintiff was warned that failure to file a notice of change of address could result in

5   the dismissal of the action.   See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988)

6   (providing that "[a] party, not the district court, bears the burden of keeping the court

7   apprised of any changes in his mailing address.").  Plaintiff has not filed a notice of change

8   of address and mail sent to his last know address has been returned.  An order to show cause

9   why this action should not be dismissed for failure to prosecute would be futile.  See Carey,

10  856 F.2d at 1441 (providing that "[a]n order to show cause why dismissal is not warranted

11  or an order imposing sanctions would only find itself taking a round trip tour through the

12  United States mail").  Accordingly, this case will be dismissed without prejudice.

13  　　　**IT IS ORDERED** that this action is **dismissed** without prejudice pursuant to Rule

14  41(b) of the Federal Rules of Civil Procedure and the Clerk of Court shall **enter judgment**

15  accordingly.

16  　　　DATED this 16th day of April, 2006.

17

18

19

20  _____
    Mary H. Murguia
    United States District Judge

21

22

23

24

25

26

27

28

JDDL                                    - 2 -